In the Matter of ALDERSGATE FOUNDATION, INC., Debtor.

John O. MONSALVATGE et al., Plaintiffs,

v.

Lee Jay COLLING, Trustee of Aldersgate Foundation, Inc., Defendants-Third Party Plaintiff,

v.

PAN AMERICAN BANK OF ORLANDO, N. A., Third-Party Defendant & Third Party Plaintiff,

v.

FLORIDA KEYS FIRST STATE BANK, Third-Party Defendant.

Bankruptcy No. 74–383–Orl–Bk–P.

United States Bankruptcy Court, M. D. Florida, Orlando Division.

April 6, 1981.

Lee J. Colling, Trustee, Colling & Beattie, Orlando, Fla.

Douglas B. Beattie, Orlando, Fla., for trustee.

Jack H. Zinkow, Orlando, Fla., for plaintiffs.

Brian C. Sanders, Sanders, McEwen, Mims & McDonald, Orlando, Fla., for Pan American Bank.

Nathan Eden, John N. Moore, III, Key West, Fla., for Florida Keys Bank.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a pre-Code Chapter X corporate reorganization case and the matter in controversy is brought before this Court initially by a complaint filed by John O. Monsalvatge, William H. Monsalvatge, Roscoe Walker, Heloise Harper, Richard Ortiz and Paul R. Monsalvatge, Jr. The Plaintiffs sought an order from this Court compelling Lee Jay Colling, the Trustee of the estate, to pay dividends to the Plaintiffs. In due course the Trustee filed an answer, affirmative defenses and a counterclaim in which the Trustee sought to recover from one of the Plaintiffs, John O. Monsalvatge, the sum of $2,222.22. John O. Monsalvatge filed a pleading entitled "Response to Affirmative Defenses" and an "Answer" to the counterclaim. Shortly thereafter, the Defendant, Lee Jay Colling, filed a third party complaint against Pan American Bank of Orlando, N.A. (Pan American) and sought to recover from Pan American the sum of $3,111.10. In its Answer, Pan American denied any liability to the Trustee and also filed a third party complaint against Florida Keys First State Bank (State Bank) and sought a judgment

against this bank in the event it is held liable in this action.

On December 12, 1980, the Plaintiffs, William H. Monsalvatge, Roscoe Walker, Heloise Harper, Richard Ortiz, Paul R. Monsalvatge, Jr. filed a Motion for Partial Summary Judgment. Pan American also filed a Motion for Partial Summary Judgment on a third party claim. On February 21, 1981, this Court entered an order and granted the Motion of Pan American against the State Bank and ruled that the third party defendant, State Bank, shall be held liable to Pan American to the extent the third party plaintiff, Pan American, is held liable to the Trustee. This Court also entered an order on a Motion for Partial Summary Judgment filed by five of the six plaintiffs named above and directed the Trustee to pay the sum of $444.44 to each of the plaintiffs except John O. Monsalvatge. This left for resolution the original claim of John O. Monsalvatge and the Trustee's counterclaim against him and the Trustee's third party complaint against Pan American.

After extensive discovery the matter was set down for final evidentiary hearing which produced the following highly unusual and bizarre factual background relevant to this controversy which can be briefly summarized as follows:

In the course of this corporate reorganization proceeding, Paul Monsalvatge, Jr., as guardian of Marie M. Roberts, an incompetent, filed a proof of claim in the principal sum of $5,000. On December 2, 1977, after Marie M. Roberts died, each of the Plaintiffs, the heirs of Marie M. Roberts, who commenced this action filed an amended proof of claim based on ⅕th of the original claim with the exception of John O. Monsalvatge who claimed to be entitled to ⅖ths of the original claim. Sometime in the summer of 1979, the Trustee obtained an order authorizing payment of a dividend of 62.22% on each claim filed and allowed in the proceeding, and the Trustee issued a dividend check in the amount of $3,111.10 representing the dividend on the original claim filed by Paul Monsalvatge, Jr. on behalf of Marie Roberts. The dividend check was, for some reasons unexplained, paid on the original claim and not on the amended claims of the Plaintiffs, and again for reasons unknown, mailed to John O. Monsalvatge at his proper mailing address. There is no question that John O. Monsalvatge was entitled only to $888.88 representing ⅖ths of the dividend paid on the original claim filed on behalf of Marie M. Roberts.

In due course, the check was presented for collection at the State Bank by a person who endorsed the name of John O. Monsalvatge. The State Bank paid the face amount of the check and then forwarded the same to the drawee bank, Pan American, who, in turn, debited the Trustee's account with the amount of the check.

The record further reveals that John O. Monsalvatge is a native of Key West and was, at the time pertinent to this transaction, operating a business in that city and maintained an account in the State Bank under the name of John O. Monsalvatge Distributors. He was well known to the employees of the State Bank including the teller who was involved in this particular transaction. This Court is satisfied that the record supports the fact that the teller would not have cashed the check without requiring any identification from a stranger and would not have cashed the check unless it was presented by John O. Monsalvatge himself, his son Mike who is also well known by the teller or by one of his employees, Mary N. Arnold who made deposits and cashed checks on behalf of John O. Monsalvatge from time to time. The log maintained by the State Bank indicates that just before this particular transaction, there was a deposit made in a business account of John O. Monsalvatge. These transactions are recorded on the daily report of State Bank back-to-back. Neither Mike Monsalvatge nor Mary N. Arnold were called as witnesses by either side. John O. Monsalvatge denies that he cashed this particular dividend check.

Considering the evidence, the testimony of the witnesses, this Court is satisfied that

the conclusion is inescapable that whoever made the deposit in the business account of John O. Monsalvatge, it was the same person who cashed the check and whether or not John O. Monsalvatge was involved in this transaction or someone acting on his behalf is immaterial because this evidence leaves no doubt that John O. Monsalvatge obtained the proceeds of this check.

In light of the foregoing, this Court is equally satisfied that the State Bank is blameless and cannot be held liable, neither can Pan American and the Trustee is entitled to recover under this counterclaim for the amount which represents the difference between John O. Monsalvatge's rightful share, that is the sum of $888.88, and the face amount of the check, to wit: the sum of $3,111.10 or the sum of $2,222.22.

A separate final judgment will be entered in accordance with the foregoing.